IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| JOSEPH McGOWAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action |
| vs. ) | No. 11-0442-CV-W-JCE-SSA |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## **O R D E R**

Plaintiff is appealing the final decision of the Secretary denying his application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 et seq. and supplemental security income benefits under Title XVI of the Act, 42 U.S.C. § § 1381 et seq. Pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), this Court may review the final decisions of the Secretary. For the following reasons, the Secretary's decision will be affirmed.

Standard of Review

Judicial review of a disability determination is limited to whether there is substantial evidence in the record as a whole to support the Secretary's decision. 42 U.S.C. § 405(g); e.g., Rappoport v. Sullivan, 942 F.2d 1320, 1322 (8th Cir. 1991). Substantial evidence is "'such evidence as a reasonable mind might accept as adequate to support a conclusion.'" Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. V. NLRB, 305 U.S. 197, 229 (1938)). Thus, if it is possible to draw two inconsistent positions from the evidence and one position represents the Agency's findings, the Court must affirm the decision if it is supported on

1

the record as a whole.  Robinson v. Sullivan, 956 F.2d 836, 838 (8th Cir. 1992).

In hearings arising out of an application for benefits, the claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. §§ 423(d)(1) and 1382c(a)(3)(A).  Wiseman v. Sullivan, 905 F.2d 1153, 1156 (8th Cir. 1990).  In order to meet this burden, the claimant must show a medically determinable physical or mental impairment that will last for at least twelve months, an inability to engage in substantial gainful activity, and that this inability results from the impairment.  Id.  Once a claimant demonstrates that the impairment is so severe as to preclude the performance of past relevant work, the burden shifts to the Secretary to prove some alternative form of substantial gainful employment that claimant could perform.

The standard by which the ALJ must examine the plaintiff's subjective complaints of pain is well settled.  The ALJ must give full consideration to all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as the claimant's daily activities, the duration and frequency of pain, precipitating and aggravating factors, dosage and effects of medication, and functional restrictions.  Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984).   When rejecting a claimant's subjective complaints, the ALJ must make an express credibility determination detailing the reasons for discrediting that testimony, and discussing the factors set forth in Polaski.

The ALJ must give full consideration to all of the relevant evidence on the Polaski

factors

and may not discredit subjective complaints unless they are inconsistent with the evidence in the record as a whole. Haynes v. Shalala, 26 F.3d 812, 814 (8th Cir. 1994).

## Discussion

Plaintiff was born on April 8, 1977, completed high school and one semester of college. His prior relevant work includes retail sales, a short order cook and a chicken processor.

Plaintiff testified at the hearing before the ALJ that he has been unable to work since May of 2009. It was his belief that this was due to his seizure disorder and bipolar disorder.

It was the finding of the ALJ that:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2010.

2. The claimant has not engaged in substantial gainful activity since May 1, 2009, the amended alleged onset date (20 CFR 404.1571 *et seq.)*

3. The claimant has the following severe impairments: seizure disorder, diabetes mellitus with peripheral neuropathy, hypertension, history of Chairi malformation (now resolved), GERD, obesity, attention deficit hyperactivity disorder (ADHD), history of schizophrenia, bipolar disorder, personality disorder, and alcohol dependence (20 CFR 404.1520( c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform less than a ful range of light work as defined in 20 CFR 404.1567(b). The claimant can lift and carry 20 pounds occasionally and 10 pounds frequently. The claimant can sit for about 6 hours during an 8 hour work day and can stand and walk for about 6 hours during an 8 hour workday. The claimant cannot drive and can have no exposure to hazards, such as unprotected heights and heavy machinery. The claimant can understand, remember, and carry out simple, routine, and repetitive tasks. The claimant can respond appropriately to supervision and usual work situations. The claimant can have occasional contact with co-workers, but can have no contact with the general public. The claimant can perform low-stress work (defined as

occasional decision making and occasional changes in workplace settings.)

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565).

7. The claimant was born on April 8, 1977, and was 29 years old, which is defined as a "younger individual" (age 18-49), on the alleged disability onset date (20 CFR 404.1563).

8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569 and 404.1569(a)).

11. The claimant has not been under a disability, as defined in the Social Security Act, from August 1, 2006, through the date of this decision (20 CFR 404.1520(g)).

Plaintiff argues that the ALJ erred by failing to give proper weight to his treating physician's opinion. The treating physician in question is Christopher J. Hartigan, a family nurse practitioner. Plaintiff also asserts that the transcript provided has numerous inaudible sections, making it impossible to determine the validity of the vocational expert's testimony.

The nurse practitioner is not an acceptable medical source. He is therefore classified as an "other" treatment source. The ALJ detailed his basis for discounting the medical source statement completed by the nurse practitioner. He noted that claimant was able to care for critically ill parents and take care of a six-month old child, which is inconsistent with the conclusion that he had no useful ability to function in the area of judgment, work stresses,

4

attention and concentration, understanding, remembering, carrying out complex job instructions, behaving in an emotionally stable manner, relating predictably in social situations, or demonstrating reliability. The ALJ also noted that the progress notes from January 2010 are inconsistent with the conclusions noted herein.

Plaintiff argues that the inaudible portion of the transcript renders the record insufficient. However, as argued by Defendant, if the inaudible portions are placed in context, the relevance of the vocational expert's testimony can be determined.

Based on the record before it, the Court finds that the ALJ's decision is supported by substantial evidence in the record, Clark v. Sullivan, 768 F. Supp. 278, 280 (W.D. MO 1991), and that plaintiff has failed to meet his burden of proving that he has an impairment that precludes him from engaging in substantial gainful activity. The ALJ's findings that plaintiff was not disabled are supported in the record as a whole. Accordingly, the decision of the Secretary should be affirmed.

It is hereby

ORDERED that the decision of the Secretary be, and it is hereby, affirmed.

    /s/ James C. England
JAMES C. ENGLAND
United States Magistrate Judge

Date: July 10, 2012